UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAMES EUGENE LARIVE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE JEFFREY L. VIKEN, MR. PETERMAN, and MS. COLLINS, <br><br> Defendants. | 5:20-CV-05020-KES <br><br><br> ORDER SCREENING PLAINTIFF'S COMPLAINT FOR DISMISSAL |

Plaintiff, James Eugene Larive, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Larive leave to proceed in forma pauperis and required him to pay an initial partial filing fee of $21.96 by June 29, 2020. Docket 8. On July 10, 2020, this court dismissed Larive's complaint for failure to prosecute as he had not paid the required fee and entered judgment in favor of defendants. Dockets 9, 10. On July 14, 2020, this court became aware of a clerical error and reopened Larive's case.[1] Now, the court must screen Larive's complaint under 28 U.S.C. § 1915A.

I.   **Factual Background**

The facts alleged in Larive's complaint and supplement (Dockets 1, 7) are: that defendants violated his constitutional rights before his criminal trial. Larive attached a document to his supplement, that shows his criminal case

---

[1] Larive paid the required amount on June 15, 2020, but it was applied to the wrong case. The error has been corrected.

number (5:13-CR-50100-JLV) and shows that his trial occurred in 2013. *See* Docket 7 at 2. Larive alleges that his jury was improperly influenced by the "plainly erroneous jury instructions." Docket 1 at 1. He claims that Sarah B. Collins, an Assistant United States Attorney, violated his First, Fourth, and Fifth Amendment rights by looking at his email without a search warrant and by putting "put words in [his] mouth." *Id.* Gregg S. Peterman was an Assistant United States Attorney prosecuting his case as well. *Id.*

Larive claims that United States District Court Judge Jeffrey L. Viken would not appoint him counsel in violation of his Sixth Amendment rights and asserts that he did not receive a fair trial. *Id.* On July 23, 2014, Judge Viken entered a judgment and sentenced Larive. *United States v. Larive*, No. 5:13-CR-50100-JLV (D.S.D), Docket 64. Larive was found guilty of one count of commercial sex trafficking under 18 U.S.C. §§ 1591(a), 1591(b)(2), and 1594(a). *Id.* He was sentenced to 120 months imprisonment and 8 years of supervised release. *Id.*

II.     **Legal Standard**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007*)*; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir.

2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

Larive claims that the jury from his 2013 criminal trial was improperly influenced, that the prosecutors on the case did not have a search warrant while they viewed his email, and that Judge Viken did not appoint him counsel. *See* Docket 1 at 1. These allegations, if proven, would undermine the validity of

3

Larive's conviction. Under the *Heck* doctrine "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a plaintiff must show that the "conviction or sentence [was] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 489 (1994). Larive has not claimed that his conviction has been reversed, expunged, declared invalid or impugned by the granting of a writ. Thus, Larive's claims are barred by *Heck* and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Even if Larive had alleged that his conviction or sentence had been invalidated, Larive's § 1983 claims would be barred by the statute of limitations because the alleged violations occurred in 2013. A complaint may be dismissed by the court's own motion as frivolous under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). South Dakota adopted a specific statute that provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (referencing SDCL §§ 15-2-15.2). Larive's claims are barred by the *Heck* doctrine and the statute of limitations.

Thus, it is ORDERED:

1. That Larive's complaint is dismissed under 28 U.S. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

2. That the Clerk of Court shall send a copy of this order to the institution having custody of Larive. That the institution having custody of Larive is directed that whenever the amount in Larive's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Larive's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

Dated August 18, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE